UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COREY STEWART,

                    Plaintiff,

          v.

RIKERS ISLAND (JAIL) MEDICAL,

                    Defendant.

25 Civ. 9745 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

Plaintiff Corey Stewart, who is currently held in the Robert N. Davoren Complex ("RNDC"), a New York City Department of Correction ("DOC") jail on Rikers Island, appears *pro se* and brings this action asserting that the defendant, "Rikers Island (Jail) Medical," has violated his federal constitutional rights and has otherwise injured him. Plaintiff seeks damages.[1] The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 as well as claims under state law.

By order dated January 8, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons discussed below, the Court drops, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), "Rikers Island (Jail) Medical" as a defendant in this action, and adds, under that same rule, the City of New York, NYC Health + Hospitals ("H + H"), and unidentified individual "John Doe" employees of the DOC and H + H as defendants in this action. The Court also requests that the City of New York waive service of summons and directs the Clerk of Court to effect service of process on H + H. The

---

[1] Plaintiff has also filed an application for the court to request *pro bono* counsel, which is pending. ECF No. 8.

[2] People who are incarcerated are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court additionally directs the Corporation Counsel of the City of New York and counsel for H + H to provide to Plaintiff and to the Court the identities and, if appropriate, badge numbers and service addresses of the abovementioned unidentified individual "John Doe" defendants. Moreover, the Court denies Plaintiff's application for the court to request *pro bono* counsel, ECF No. 8, without prejudice to Plaintiff's filing another such application at a later date.

### DISCUSSION[3]

#### A.      Rule 21

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). A court can, under Rule 21, drop a defendant from an action when the plaintiff "alleges nothing about [that] named defendant[] and therefore has not stated a claim against [it] or shown that [it is] properly joined to th[e] action." *Ponce-Melendres v. Doe Orange Cnty. Jail Admin. Off.*, No. 20 Civ. 7710, 2020 WL 7343025, at *2 (S.D.N.Y. Dec. 14, 2020). In addition, "[i]n *pro se* actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, No. 25 Civ. 10273, 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). Moreover, "[u]nder this rule, courts have added individual defendants in actions whe[n] the complaint mentions them throughout the body of the complaint as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25 Civ. 284, 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025). This includes adding

---

[3] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

unidentified individual "John Doe" defendants. *See, e.g.*, *Koulibaly v. City of New York*, No. 25 Civ. 7989, 2025 WL 3268881, at *3 (S.D.N.Y. Nov. 20, 2025).

The Court understands Plaintiff's naming of Defendant "Rikers Island (Jail) Medical" to be a reference to the DOC and to H + H.[4]  H + H, as a public benefit corporation created by New York State law, has the capacity to be sued. *See* N.Y. Unconsol. Laws § 7385(1).  However, the DOC, as an agency of the City of New York, is not a suable entity; suits arising from acts of the DOC must be brought against the City of New York, *see* N.Y. City Charter ch. 17, § 396.  In addition, the Court understands that Plaintiff is attempting to assert claims against unidentified individual DOC and H + H employees. *See Koulibaly*, 2025 WL 3268881, at *3 ("Plaintiff does not name other individual DOC and H+H employes as Defendants, but, in naming the DOC and H + H as Defendants and in alleging the actions of those entities' employees, it appears that he also intended to name unidentified DOC and H + H employees as Defendants, but inadvertently failed to do so.").

Accordingly, and in light of Plaintiff's *pro se* status, the Court respectfully directs the Clerk of Court to drop "Rikers Island (Jail) Medical" as a defendant in this action, and to add the City of New York, H+H, and unidentified individual "John Doe" DOC and H + H employees as defendants in this action, under Rule 21.  The addition of these defendants is without prejudice to any defenses that these defendants may assert in this action.

---

[4] H + H (formerly known as the New York City Health & Hospitals Corporation) is responsible for providing medical care to people in DOC custody, including those housed in the DOC facilities on Rikers Island.

**B.      The City of New York**

The Court respectfully directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order.  The Court requests that the City of New York waive service of a summons.

**C.      Service on H + H**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[5] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on H + H, the Clerk of Court is respectfully instructed to fill out a USMS Process Receipt and Return form ("USM-285 forms") for H + H.  The Clerk of Court is further respectfully directed to issue a summons for H + H and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on H + H.

If a summons and the complaint are not served on H + H **within 90 days** after the date that a summons for H + H is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[5]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on H + H until the Court reviewed the complaint and ordered that a summons for H + H be issued. The Court therefore extends the time to serve H + H until 90 days after the date that a summons for H + H is issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

**D.    Unidentified individual "John Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant and ascertaining that defendant's service address.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the DOC and H + H to identify the unidentified "John Doe" defendants; they are those individual DOC and H + H employees who are responsible for housing Plaintiff in the particular jail units that are basis for this action, and who received Plaintiff's requests for medical attention, during the dates of the events alleged in Plaintiff's complaint.

It is therefore ordered that the Corporation Counsel for the City of New York and counsel for H + H must ascertain the identities and, if appropriate, badge numbers and service addresses of those unidentified individual "John Doe" defendants that have been added to this action pursuant to Rule 21.[6]

**E.    Application for the court to request *pro bono* counsel**

The Court denies, without prejudice Plaintiff's application for the court to request *pro bono* counsel, as it is too early in the proceedings for the Court to assess the merits of this action. Plaintiff may file another such application at a later date.

---

[6] If an unidentified individual "John Doe" defendant is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for actions involving DOC defendants, rather than by personal service at a DOC facility. If any unidentified individual "John Doe" defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel and/or counsel for H + H must provide an address where that individual may be served.

5

**CONCLUSION**

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff.

The Court drops, under Rule 21 of the Federal Rules of Civil Procedure, "Rikers Island (Jail) Medical" as a defendant in this action, and adds, under that same rule, the City of New York, NYC Health + Hospitals, and unidentified individual "John Doe" employees of those organizations ("John Doe DOC and H + H employees") as defendants in this action; the Court therefore respectfully directs the Clerk of Court to add, with the other added defendants, "John Doe DOC and H + H employees" as defendants in this action.

The Court also respectfully directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of a summons.

The Court further respectfully directs the Clerk of Court to: (1) issue a summons for Defendant NYC Health + Hospitals; (2) complete a USM-285 form for that defendant; and (3) deliver all documents necessary to effect service of a summons and the complaint on that defendant to the United States Marshals Service.

The Court additionally directs the Corporation Counsel of the City of New York and counsel for NYC Health + Hospitals to provide the identities and, if appropriate, badge numbers and service addresses of the unidentified individual "John Doe" defendants to Plaintiff **within 60 days** of the date of this order. Plaintiff must file an amended complaint **within 30 days** of receipt of that information naming the newly identified individuals as defendants and, if appropriate,

6

providing their badge numbers and service addresses.  An amended complaint form is attached to this order.

The Court respectfully directs the Clerk of Court to mail a copy of the complaint and of this order to: NYC Health + Hospitals, Legal Department, 50 Water Street, 17th Floor, New York, New York 10004.

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.  The Clerk of Court is respectfully directed to terminate ECF No. 8.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.

SO ORDERED.

Dated:    March 9, 2026
          New York, New York

_____
DALE E. HO
United States District Judge

7